UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHERINE HEINZ,

   Plaintiff,

v.

ZENRESOLVE, LLC,

   Defendant.

Case No. 1:21-cv-06094

## AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

JOSEPH S. DAVIDSON, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746(2) that the following statements are true and correct:

1. That I am an attorney for the Law Offices of Joseph P. Doyle, LLC and in that capacity have been retained to represent the interests of Plaintiff in the above captioned matter.

3. I have been admitted to the practice of law since 2010.

4. I am a member of good standing of the following Courts:

- State of Illinois
- United States District Court for the District of Colorado
- United States District Court for the Central District of Illinois
- United States District Court for the Northern District of Illinois
- United States District Court for the Southern District of Illinois
- United States District Court for the Northern District of Indiana
- United States District Court for the Southern District of Indiana
- United States District Court for the Eastern District of Michigan
- United States District Court for the Western District of Michigan
- United States District Court for the Eastern District of Missouri
- United States District Court for the Northern District of Ohio
- United States District Court for the Eastern District of Texas
- United States District Court for the Northern District of Texas
- United States District Court for the Southern District of Texas
- United States District Court for the Western District of Texas
- United States District Court for the Eastern District of Wisconsin
- United States District Court for the Western District of Wisconsin

- United States Court of Appeals for the 7th Circuit

4. I have substantial experience representing consumers in claims brought pursuant to the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), Telephone Consumer Protection Act ("TCPA"), Truth in Lending Act ("TILA"), and the United States Bankruptcy Code.

5. I have represented over 1,000 consumers in cases filed nationwide.

6. My hourly billing rate of $425.00 is justified by my experience, the nature and complexity of the cases I handle, and the relative risk involved in consumer cases.

7. My hourly billing rate is consistent with that charged by Illinois attorneys practicing consumer law, as reported in the *United States Consumer Law Attorney Fee Survey Report 2017-2018, ps. 84-87*, said Report being available online at https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf

8. My hourly billing rate is further supported by the fact that I have prevailed in obtaining settlement or judgment on behalf of my clients in over 95% of cases filed.

9. The services performed and the amount ($3,345.75) sought are reasonable and necessary to properly represent my client. *See* Exhibit 1.

10. On November 15, 2021, Plaintiff brought suit against Defendant alleging violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. *See* Exhibit 2

11. Summons and complaint were served on November 22, 2021, by serving CT Corporation System, who is designated by law to accept service on behalf of Defendant. *See* Exhibit 3

12. The time for Defendant's answer has not been extended by any stipulation of the parties or any order of the Court.

13. Defendant has failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12 by December 13, 2021.

14. Defendant is neither an infant, incompetent person, nor servicemember as defined by Fed. R. Civ. P. 55 and/or the Servicemembers Civil Relief Act.

**FURTHER THE AFFIANT SAYETH NOT**

_____
Joseph S. Davidson

SUBSCRIBED AND SWORN to before me this 11th day of January, 2021.

_____
NOTARY PUBLIC

08/26/2024
_____
MY COMMISSION EXPIRES

Official Seal
Virginia A. Medina
Notary Public State of Illinois
My Commission Expires 08/26/2024

EXHIBIT 1

# Activities Export

01/11/2022
10:28 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 01/11/2022 | ⏱ | A103 Draft/revise L240 Dispositive Motions: Motion for Default Judgment<br>● Unbilled | 00122-Heinz 1:21-cv-06094 Heinz v. ZenResolve, LLC | Joseph Davidson | 2.00h | 425.00 | - | 850.00 |
| 01/05/2022 | ⏱ | A109 Appear for/attend L250 Other Written Motions and Submissions: Motion for Entry of Default<br>● Unbilled | 00122-Heinz 1:21-cv-06094 Heinz v. ZenResolve, LLC | Joseph Davidson | 0.25h | 425.00 | - | 106.25 |
| 12/14/2021 | ⏱ | A103 Draft/revise L250 Other Written Motions and Submissions: Motion for Entry of Default<br>● Unbilled | 00122-Heinz 1:21-cv-06094 Heinz v. ZenResolve, LLC | Joseph Davidson | 0.50h | 425.00 | - | 212.50 |
| 11/22/2021 | $ | E120 Private investigators: Invoice #0021416<br>● Unbilled | 00122-Heinz 1:21-cv-06094 Heinz v. ZenResolve, LLC | Joseph Davidson | 1.00 | 75.00 | - | 75.00 |
| 11/15/2021 | $ | E112 Court fees: Filing fee $ 402, receipt number 0752-18873381<br>● Unbilled | 00122-Heinz 1:21-cv-06094 Heinz v. ZenResolve, LLC | Joseph Davidson | 1.00 | 402.00 | - | 402.00 |
| 11/15/2021 | ⏱ | A103 Draft/revise L210 Pleadings: Complaint<br>● Unbilled | 00122-Heinz 1:21-cv-06094 Heinz v. ZenResolve, LLC | Joseph Davidson | 4.00h | 425.00 | - | 1,700.00 |
| 11/12/2021 | ⏱ | A104 Review/analyze L110 Fact Investigation/Development: Client consultation to ascertain background/nature of dispute<br>● Non-billable | 00122-Heinz 1:21-cv-06094 Heinz v. ZenResolve, LLC | Joseph Davidson | 0.50h | 425.00 | 212.50 | - |
| | | | | | | | **$212.50**<br>0.5h | **$3,345.75**<br>6.75h |

EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHERINE HEINZ,

    Plaintiff,

v.

ZENRESOLVE, LLC ,

    Defendant.

Case No. 1:21-cv-06094

## COMPLAINT

**NOW COMES** Plaintiff, KATHERINE HEINZ, through undersigned counsel, complaining of Defendant, ZENRESOLVE, LLC , as follows:

## NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the automatic stay, 11 U.S.C. § 362.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    KATHERINE HEINZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 410 West Mahogany Court, Apartment 705, Palatine, Illinois 60067-7811.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. ZENRESOLVE, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Wyoming.

7. Defendant has its principal place of business at 4720 East Cotton Gin Loop, Suite 135, Phoenix, Arizona 85040.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On August 31, 2021, Plaintiff filed a voluntary petition for relief under Chapter 13, Title 11, United States Code.[2]

11. When Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code, she owed $2,528.38 to Minto Financial d/b/a Minto Money ("Minto Money").

12. Plaintiff's $2,528.38 balance with Minto Money is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. She listed this debt on the schedule of unsecured, nonpriority claims.

14. On September 3, 2021, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 13 bankruptcy case by first class mail to Minto Money, P.O. Box 58112, Minto, Alaska 99758-0112.

---

[1] **About ZenResolve**. ZenResolve's mission is to provide fair, transparent, consumer-driven resolution of outstanding debt by employing "light touch" communications via advanced technologies. https://www.zenresolve.com/about-us/ (last accessed November 15, 2021).

[2] Ch-13 DDC 21-10191 *In re Katherine R. Heinz*

2

15. Minto Money assigned Plaintiff's $2,528.38 balance to Defendant, an outside collection agency, to undertake collection efforts.

16. Nonetheless, Defendant e-mailed Plaintiff on October 15, 2021, stating:

> ### Hi, Katherine Heinz.
>
> We know taking the first step to resolving your outstanding balance of $2528.38 with Minto Money might seem hard, but we're here to help.
>
> If you can't pay the balance in full, that's OK! We can offer you payment plans to fit your current financial situation.
>
> Take the first step now by clicking the link below to log into your account.
>
> **VIEW PAYMENT OPTIONS**
>
> ZenResolve Account : 90914389709611
> Creditor: Minto Money
> Balance Due: $2528.38
> Default Date: 07/13/2021
>
> Thanks,
>
> ZenResolve Team

17. On October 25, 2021, Defendant e-mailed Plaintiff, stating:

> ### Hi, Katherine Heinz.
>
> At ZenResolve, we're all about options. We want to help you resolve your balance of $2528.38 with Minto Money by helping you find the payment plan that works best for your financial situation.
>
> Log in with the link below and select the option that works best for you!
>
> **VIEW PAYMENT OPTIONS**
>
> ZenResolve Account : 90914389709611
> Creditor: Minto Money
> Balance Due: $2528.38
> Default Date: 07/13/2021

Thanks,

ZenResolve Team

18.     On November 4, 2021, Defendant e-mailed Plaintiff, stating:

## Hi, Katherine Heinz.

We noticed you haven't taken action yet on your past due balance of $2528.38 with Minto Money. Do you have questions about your account or the payment process that might be keeping you from moving forward? If so, we're here to help! You can email us at **customerservice@zenresolve.com** or call us at **800-225-1375**.

If you're ready to move forward with paying off your balance or setting up a payment plan, please click the link below.

**VIEW PAYMENT OPTIONS**

ZenResolve Account : 90914389709611
Creditor: Minto Money
Balance Due: $2528.38
Default Date: 07/13/2021

Thanks,

ZenResolve Team

19.     Finally, on November 14, 2021, Defendant e-mailed Plaintiff, stating:

## Hi, Katherine Heinz.

We understand you might not be ready to pay off your entire balance of $2525.38 with Minto Money right now, and the good news is you don't have to! We can help you find a payment plan that fits your budget, and you're just a click away from getting started!

Click the link below, and you'll be on your way to finding a plan that works for you!

**VIEW PAYMENT OPTIONS**

ZenResolve Account : 90914389709611
Creditor: Minto Money
Balance Due: $2528.38
Default Date: 07/13/2021

4

Thanks,

ZenResolve Team

20. Defendant's e-mails are "communications" as defined by 15 U.S.C. § 1692a(2).

## DAMAGES

21. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

22. The automatic stay is ***one of the fundamental debtor protections provided by the bankruptcy laws***. It gives the debtor a breathing spell from her creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove them into bankruptcy.

23. Defendant's unlawful collection practices deprived Plaintiff of one of her fundamental protections and presented real risk of harm to Plaintiff—as there is a danger that debt collectors will continue to send these letters, thinking that the recipient mightn't realize that this debt will be discharged or that this debt she was dunned for, perhaps long after the bankruptcy, was among the debt that will be discharged. Or she might think the debt was a debt that cannot be discharged in bankruptcy.

24. Defendant's unlawful collection practices alarmed and confused Plaintiff and caused her to believe that her exercise of her rights, through filing bankruptcy, was for naught—causing anxiety, despair, emotional distress, and sleepless nights.

# CLAIMS FOR RELIEF

## COUNT I:
## Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. The automatic stay prohibits all proceedings against a debtor following the filing of a bankruptcy petition. Legislative history reflects Congress' intent to provide broad protection to debtors:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340-42 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 54-55 (1978); reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97.

27. As set forth in section 362 of the Bankruptcy Code, the automatic stay reads, in pertinent part, that:

> Except as provided in subsection (b) of this section, a petition filed under sections 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of –
>
> > (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(6).

28. Section 362(a)(6) is intended to prevent creditor harassment of the debtor in attempting to collect pre-petition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and

6

administrative proceedings that are also stayed under subsection (a)(1)." Alan N. Resnick & Henry J. Sommer, 3 *Collier on Bankruptcy* ¶362.08[8][a] (16th ed. 2013).

### Violation of 15 U.S.C. § 1692e

29. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2)    The false representation of–

        (A)    the character, amount, or legal status of any debt.

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Defendant's e-mails to Plaintiff asserted that Plaintiff's $2,528.38 balance was due and demanded that Plaintiff pay the debt.

31. But at the time of Defendant's e-mails to Plaintiff, Plaintiff's $2,528.38 balance ***was not*** due and was not immediately collectible due to the automatic stay.[3]

32. It seems clear, then, that Defendant's e-mails to Plaintiff misrepresented the legal status of Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

33. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides

---

[3] *See* 11 U.S.C. § 362.

7

"any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

  (1) any actual damage sustained by such person as a result of such failure;

  (2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 15, 2021          Respectfully submitted,

                                               **KATHERINE HEINZ**

                                               By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com

EXHIBIT 3

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SERVED**

SUMMONS IN A CIVIL CASE

KATHERINE HEINZ

V.

ZENRESOLVE, LLC

CASE NUMBER: 1:21-cv-06094

ASSIGNED JUDGE: Sharon Johnson Coleman

DESIGNATED MAGISTRATE JUDGE: Heather K. McShain

TO: (Name and address of Defendant)

ZenResolve, LLC
CT Corporation System
208 S. LaSalle St.
Suite 814
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE, LLC
105 S. Roselle Rd.
Suite 203
Schaumburg, IL 60193

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

THOMAS G. BRUTON, CLERK

_[signature]_

(By) DEPUTY CLERK

November 15, 2021

DATE

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:21-cv-06094

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Katherine Heinz v Zen Resolve, LLC
was received by me on *(date)* 11/16/2021

☐ I personally served the summons on the individual at *(place)* 208 S. LaSalle Street, Suite 814, Chicago, IL
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Derrick Hackett, Intake Specialist - CT Corporation , who is
designated by law to accept service of process on behalf of *(name of organization)*
Zen Resolve, LLC                                        on *(date)* 11/22/2021 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ . _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 11/22/2021

*Server's signature*

Michael Costanza - Process Server
*Printed name and title*

FOR: R.O.S. Consulting, Inc. 117-001339
23900 W. Industrial Drive, Suite 3
Plainfield, IL 60585
*Server's address*

Additional information regarding attempted service, etc: